

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. O-2176
Re: Article 7047, Sub.
2, Revised Civil
Statutes.

Dear Mr. Sheppard:

We beg to acknowledge receipt of your letter of April 4, 1940, requesting an opinion from this department as follows, to-wit:

"This Department has been asked for an opinion as to whether or not a person soliciting orders and delivering patent medicine from house to house in his home town or city and not outside the town or city limits of such city would come within the definition of and be subject to the tax as a traveling vendor under Article 7047, Subdivision 2, Revised Civil Statutes.

"The question presented appears to be a question of whether such person would be considered as a traveling person when he confines his solicitations and deliveries to the limits of his home town.

"Will you kindly advise me whether such person would be subject to the tax."

Subdivision 2 of Article 7047, Vernon's Civil Statutes, cited by you, reads as follows:

"From every traveling person selling patent or other medicines, fifty dollars, and no traveling person shall so sell until said tax is so paid. This tax shall not apply to commercial travelers, drummers, or salesmen making sales or soliciting trade for merchants engaged in the sale of drugs or medicines by wholesale."

Your inquiry involves construction of this statute, and the construction of the statute involves in turn the meaning of the term "traveling person" selling patent or other medicines.

The construction involves further the nature of the thing taxed.

The term "traveling person" is not one of fixed meaning. There is latitude for construction. The sense in which it is used by the Legislature determines its meaning in any statute. In ascertaining that sense the entire context of the statute, the end sought to be attained, and the associated words in the Act, will be looked to.

From a consideration of the statute it is obvious the purpose of the Legislature was to tax those merchants, vendors, physicians and peddlers who carry on their business from place to place other than in or at its established place or headquarters. Such manner of business is the opposite of having a definite, fixed place of business. It therefore follows that the extent, the distance or the frequency of the traveling has nothing to do with the question. These are mere differences of degree and not of kind. Thus, a merchant or vendor of patent medicines, or a clock peddler carries on his business by going from place to place other than an established place of business; he is a traveling merchant, vendor or peddler, as the case may be, whether his trips take him beyond the limits of his own town, city, precinct or county or not. (Andrews vs. White, 32 Me. 388).

We accordingly advise you that a person soliciting orders and delivering patent medicine from house to house in his home town or city, and not outside the town or city limits, would come within the statutes and be subject to the tax.

We think this is true whether the vendor is selling his own medicines or those of another on consignment.

We have not found another statute identical with our own, and the decisions construing different statutes are of little value except by way of analogy.

The case of L. B. Price Co. vs. City of Atlanta, 31 S.E. 619 distinguishes between "traveling salesmen" and "canvassers." The one makes sales, whereas the other solicits orders and sends them to the house which makes the sales.

Martin vs. Town of Rosedale, 29 N.E. 410, defines the term "traveling peddler", showing that he is in legal effect a salesman on his own and not a mere agent or canvasser.

Pegues, Tax Collector, vs. Ray, 23 So. 904, declares:

"A traveling vendor then is one who carries about with him the articles of merchandise which he sells; that is to say, the identical merchandize he sells he has with him and delivers at the time of sale. His vocation is quite different from that of the drummer, who carries only samples of his wares as exhibits, and takes orders for the future delivery of merchandise of their kind and quality, or of similar kind and quality."

These definitions and distinctions, however, are of little value in the present inquiry, since, as we have shown, our statutes contemplate a tax upon the traveling vendor, whether engaged in selling his own medicines, or those of another, upon an agency or consignment, where such sale is one of retail. This is made clear by the provision of subdivision 2 that "this tax shall not apply to commercial travelers, drummers, or salesmen making sales or soliciting trade for merchants engaged in the sale of drugs or medicines by wholesale." The exemption of such sales or solicitations by wholesale, is exclusive as to exemptions, since it is the universal rule of statutory construction that exemptions are strictly construed and may not be enlarged by construction. The effect of exemption sales and solicitations by wholesale is to leave within the statute of taxes solicitations and sales at retail by merchants engaged in the sale of drugs or medicine. Their business must be carrier on at their established stores or places of business.

Trusting this will have answered your questions satisfactorily, we are

Very truly yours
ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
Ocie Speer, Assistant

APPROVED APR 16, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

OS-MR:wb